**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LORNA NEMBHARD,

              **Plaintiff,**

   v.

JPMORGAN CHASE BANK, N.A.,
and MARTIN & BRUNAVS,

           **Defendants.**

1:13-cv-3957-WSD

## <u>OPINION AND ORDER</u>

This matter is before the Court on JP Morgan Chase Bank, N.A.'s ("JPMorgan") Motion to Dismiss [3] Lorna Nembhard's ("Nembhard" or "Plaintiff") Complaint [1.2].

## I.    BACKGROUND

On October 29, 2013, Plaintiff, proceeding *pro se*, filed her Complaint in the Superior Court of Gwinnett County, Georgia against JPMorgan and Martin & Brunavs ("M&B") (together with JPMorgan, "Defendants"), a Georgia law firm. Plaintiff asserts claims for violation of 42 U.S.C. § 1983 and various state laws based on perceived defects in the assignment of her mortgage and in the foreclosure proceedings initiated by Defendants, Defendants' alleged lack of authority to foreclose on Plaintiff's home, and Defendants' submission of "false

and fraudulent" information during Plaintiff's bankruptcy proceeding.  Plaintiff

seeks compensatory and punitive damages.

On November 27, 2013, JPMorgan removed the Gwinnett County action to

this Court based on federal question and diversity jurisdiction.  (Notice of Removal

[1]).  JPMorgan asserts that complete diversity exists among the parties because

M&B, the only in-state defendant, was fraudulently joined to defeat federal

subject-matter jurisdiction.  M&B consented to removal.  (Id.).

On December 4, 2013, JPMorgan moved to dismiss Plaintiff's Complaint for

failure to state a claim.

## II.    DISCUSSION

### A.    Motion to Dismiss

#### 1.    Legal Standard

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-

settled.  Dismissal of a complaint is appropriate "when, on the basis of a

dispositive issue of law, no construction of the factual allegations will support the

cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,

992 F.2d 1171, 1174 (11th Cir. 1993).

In considering a motion to dismiss, the Court accepts the plaintiff's

allegations as true and considers the allegations in the complaint in the light most

favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v.

Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to

dismiss stage, all well-pleaded facts are accepted as true, and the reasonable

inferences therefrom are construed in the light most favorable to the plaintiff.").

The Court, however, is not required to accept a plaintiff's legal conclusions.  See

Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by

Mohamad v. Palestinian Auth., 132 S. Ct. 1702 (2012).  Nor will the Court "accept

as true a legal conclusion couched as a factual allegation."  See Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007).  Ultimately, the complaint is required to

contain "enough facts to state a claim to relief that is plausible on its face."

Twombly, 550 U.S. at 570.[1]

To state a claim to relief that is plausible, the plaintiff must plead factual

content that "allows the Court to draw the reasonable inference that the defendant

---

[1]     The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court decided that "this famous observation has earned its retirement."  Id. at 563.

is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 557). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).[2]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the

---

[2]    Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In <u>Twombly</u>, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555.

Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

"[A] district court does not have license to rewrite a deficient pleading." <u>Osahar v.</u>

<u>U.S. Postal Serv.</u>, 297 F. App'x 863, 864 (11th Cir. 2008).

      2.    <u>Analysis</u>

      a.    <u>Violation of 42 U.S.C. § 1983</u>

Plaintiff asserts a claim for "Violations of Plaintiff's civil rights: Depriving a

right of Property Fourteenth Amendments [sic] pursuant to 42 U.S.C. § 1983."

(Compl. at 10).  Section 1983 provides:

> Every person who, *under color of any statute . . . of any State . . .*
> subjects . . . any citizen of the United States . . . to the deprivation of
> any rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in any action at law . . . .

42 U.S.C. § 1983 (emphasis added).  As the Supreme Court has explained, "the

under-color-of-state-law element of § 1983 excludes from its reach merely private

conduct, no matter how discriminatory or wrongful." <u>American Mfrs. Mut. Ins.</u>

<u>Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999); <u>accord</u> <u>United States v. Morrison</u>,

529 U.S. 598, 620-21 (2000).  Section 1983's state action requirement requires

"*both* an alleged constitutional deprivation caused by the exercise of some right or

privilege created by the State or by a rule of conduct imposed by the State or by a

person for whom the State is responsible, *and* that the party charged with the

deprivation must be a person who may fairly be said to be a state actor." <u>Sullivan,</u>

526 U.S. at 50 (citations and quotation marks omitted, emphasis in original).

"State action" may be found only if there is such a "close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy v. Tenn. Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) (quotations omitted).

Plaintiff fails to allege any facts to support that JPMorgan or M&B are state actors. "Although national banks are heavily regulated by federal statutes and regulations . . . national banks are not so much the 'instrumentalities' of the federal government that its officers are agents of the federal government." Morast v. Lance, 807 F.2d 926, 931 (11th Cir. 1987). A nonjudicial foreclosure sale, even of a mortgage financed in part by the Federal Housing Agency, does not involve "state action" as required to assert a claim under Section 1983 for a constitutional rights violation. Crooked Creek Props., Inc. v. Hutchinson, 432 F. App'x 948, 948-950 (11th Cir. 2011) ("The due process claim . . . is meritless because a foreclosure sale by a private mortgagee does not involve state action.") (citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 358-60 (5th Cir. 1977)); see also Earnest v. Lowentritt, 690 F.2d 1198, 1201-02 (11th Cir. 1982) (nonjudicial foreclosure sale not state action); Tonea v. Bank of Am., N.A., No. 1:13-cv-1435-WSD, 2014 WL 1092348, at *3 (N.D. Ga. Mar. 18, 2014). Plaintiff has not, and

cannot, allege facts sufficient to support that Defendants were acting under color of state law in foreclosing on Plaintiff's property.  Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983 and this claim is required to be dismissed.[3, 4]

---

[3]    To the extent Plaintiff in her Complaint references 42 U.S.C. § 1981, she does not allege that she was racially discriminated against with respect to property rights and her Complaint fails to state a claim for violation of Section 1981.  See, e.g., Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1316-1317 (N.D. Ga. 2009) (Section 1981 provides rights and remedies only with respect to racial discrimination).

[4]    Although only JPMorgan filed a motion to dismiss, the Court may dismiss Plaintiff's Section 1983 claim against M&B because her Section 1983 claim is based on the same vague allegations of misconduct against "Defendants" generally and because Plaintiff's Section 1983 claim against M&B, who appears to have represented JPMorgan in Plaintiff's bankruptcy action and conducted foreclosure proceedings on JPMorgan's behalf, is integrally related to Plaintiff's claim against JPMorgan.  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."  Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc., 817 F.2d 1533, 1537 (11th Cir. 1987) (quoting Silverton v. Dep't of Treasury, 644 F.2d 1341, 1344 (9th Cir.), cert. denied, 454 U.S. 895 (1981)); see also Bonny v. Society of Lloyd's, 3 F.3d 156, 162 (7th Cir. 1993) (same).  While a court generally must provide the plaintiff with notice of its intent to dismiss or an opportunity to respond before dismissing the action sua sponte, "[t]here is an exception to [the] general rule against dismissal without notice if the complaint is patently frivolous" or if amendment of the complaint would be futile.  Tazo v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citing Wyatt v. City of Boston, 35 F.3d 13, 15 n.1 (1st Cir. 1994)).  It is clear that Plaintiff has not, and cannot, state a claim for violation of Section 1983 against M&B and notice is not required.

B.    Plaintiff's Remaining State Law Claims

1.    Original Subject-Matter Jurisdiction

JPMorgan argues that the Court has original subject matter jurisdiction over Plaintiff's state law claims based on diversity of citizenship.  Diversity jurisdiction requires complete diversity between Plaintiff and Defendants, and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  JPMorgan asserts that there is complete diversity in this action because M&B, even though it shares Georgia citizenship with Plaintiff, was fraudulently joined to defeat federal subject-matter jurisdiction because Plaintiff "does not set forth a viable claim or cause of action against M&B."  (Notice of Removal ¶ 9).

The Court disagrees.  The Eleventh Circuit has stated:

When alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.  We have emphasized that the burden on the removing party is a heavy one.  The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.  The district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in the substantive law in favor of the plaintiff.  If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court.  Thus, when considering a motion for remand, federal courts are not to weigh

the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.

Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 890 (11th Cir. 2011) (internal quotations and citations omitted).

In its Notice of Removal, JPMorgan asserts that M&B was fraudulently joined because "Plaintiff names M&B as a defendant in the case, but does not set forth a viable claim or cause of action against M&B." (Notice of Removal ¶ 9). JPMorgan's single, conclusory sentence is wholly insufficient to support that there is no possibility that Plaintiff can establish a cause of action against M&B.[5]

To the extent JPMorgan argues generally that Plaintiff's Complaint fails to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, in determining whether there is no possibility that a plaintiff can establish a cause of action against a resident defendant, a district court "must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." See Ullah v. BAC Home Loans Serv. LP, 538 F. App'x 844, 846 (11th Cir. 2013) (quoting Stillwell v. Allstate Ins. Co.,

---

[5]     The Court notes that, in Georgia, a law firm may be held liable, under certain circumstances, for its misconduct in conducting or attempting to conduct a wrongful foreclosure sale. See, e.g., Morgan v. Ocwen Loan Serv., LLC, 795 F. Supp. 2d 1370, 1376-77 (N.D. Ga. 2011); McCarter v. Bankers Trust Co., 543 S.E.2d 755, 756-57 (Ga. Ct. App. 2000); Ga. Real Estate Finance and Foreclosure Law § 8:11 ("A law firm that conducts a wrongful foreclosure may be liable, in certain circumstances, for damages.").

663 F.3d 1329, 1332) (11th Cir. 2011)).  "The pleading standard in Georgia is

lower than the standard applicable to a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6).  Under Georgia law, fair notice of the nature of the claim

is all that is required, and the elements of most claims can be pled in general terms.

Pleading conclusions, rather than facts, may be sufficient to state a claim for

relief."  Id. (internal quotations and citations omitted); see also Stillwell, 663 F.3d

at 1334 n.3 ("Georgia has not chosen to adopt the heightened pleading

requirements imposed on federal plaintiffs . . . .").  JPMorgan fails to show that

there is no possibility that a Georgia state court could find that Plaintiff adequately

plead a viable claim against M&B.  Complete diversity does not exist among the

parties and the Court thus lacks original subject-matter jurisdiction over Plaintiff's

state law claims.

## 2.    Exercise of Supplemental Jurisdiction

Plaintiff's Section 1983 claim, now dismissed, was the only claim in this

action over which the Court had original subject-matter jurisdiction.  The

remaining claims in this action involve only state law causes of action, over which

the Court may, but is not required to, exercise supplemental jurisdiction.  See

28 U.S.C. § 1367(a) (conferring district courts with supplemental jurisdiction over

"claims that are so related to claims in the action within [the court's] original

jurisdiction that they form part of the same case or controversy").

The exercise of supplemental jurisdiction is discretionary.  See 28 U.S.C.

§ 1367(c); United Mines Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

A district court may decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In making this determination, the district court should

consider the factors articulated by the Supreme Court in Gibbs: judicial economy,

convenience, fairness to the parties, and whether all the claims would be expected

to be tried together.  Palmer v. Hosp. Auth., 22 F.3d 1559, 1569 (11th Cir. 1994)

(citing Gibbs, 383 U.S. at 725–26).

The Court has discretion to decline to exercise jurisdiction over this case

because, in dismissing Plaintiff's Section 1983 claim, the Court "has dismissed all

claims over which it has original jurisdiction" and the remaining state law claims

"substantially predominate" over the now-dismissed federal claim.  See 28 U.S.C.

§ 1367(c)(2)–(3); <u>see also</u> <u>Parker v. Scrap Metal Processors, Inc.</u>, 468 F.3d 733, 744 (11th Cir. 2006) (explaining that a "federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case" (internal quotation omitted)); <u>Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.</u>, 402 F.3d 1092, 1123 (11th Cir. 2005) (explaining that when "no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction").

In considering the relevant <u>Gibbs</u> factors, the Court finds that judicial economy favors declining to exercise supplemental jurisdiction. The Court has not expended considerable resources at this stage of litigation. <u>See</u> <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 351 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); <u>Lake Cnty. v. NRG/Recovery Grp., Inc.</u>, 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001) (remanding where the federal court had not expended a significant amount of judicial labor). Judicial economy also favors the resolution in state court of state law disputes between in-state defendants. <u>See</u> <u>Gibbs</u>, 383 U.S. at 726 ("Needless decisions of state law

should be avoided both as a matter of comity and to promote justice between parties, by procuring for them a surer-footed reading of applicable law."); see also Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."); Hudson v. Cent. Ga. Health Servs., No. 5:04-cv-301, 2005 WL 4145745, at *10 (M.D. Ga. Jan. 13, 2005) ("[I]t is preferable for the courts of Georgia to make rulings on issues of Georgia law rather than to have federal courts do so, even when those federal courts are in Georgia.").; cf. Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243-44 (11th Cir. 2007) (holding that, in non-removed cases, the district court must dismiss a federal question case if the plaintiff later drops its federal claims).

The convenience and fairness factors do not compel the Court to exercise its supplemental jurisdiction.  The parties are not inconvenienced by being required to litigate in the Superior Court of Gwinnett County, and there is no indication that requiring them to litigate in state court is unfair to either party.  Applying the factors in Gibbs, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, and remand is appropriate.  See Cook, 402 F.3d at 1123 ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to

exercise supplemental jurisdiction, [the] remaining claim[s] should be remanded to state court.").

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED THAT** JPMorgan Chase Bank, N.A.'s Motion to Dismiss [3] is **GRANTED IN PART.**  Plaintiff's claim for violation of 42 U.S.C. § 1983 is **DISMISSED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Superior Court of Gwinnett County, Georgia.

**SO ORDERED** this 29th day of April, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

14